J-S25008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN CHRISTOPHER PAPPERT, | |
| Appellant | No. 1075 WDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013426-2011

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                     **FILED JUNE 09, 2015**

Sean Christopher Pappert appeals from the judgment of sentence of three to six years' incarceration, imposed June 4, 2014, following revocation of his probation. We affirm.

In March 2012, Appellant entered into a negotiated plea agreement of guilty to one count of possession of child pornography, 18 Pa.C.S.A. § 6312(d). The trial court accepted his plea and sentenced Appellant to five years' probation. The trial court also imposed certain special conditions, including Megan's Law registration, compliance with sex offender treatment, no contact with minors, no computer usage unless work-related, no Internet usage, and no possession of pornography. No appeal was taken.

_____

[*] Retired Senior Judge assigned to the Superior Court.

A review hearing was held in October 2012, at which Appellant's probation officer, Michael Bowie, informed the court that Appellant had some form of contact with a minor and had viewed pornography. Nevertheless, Mr. Bowie indicated that he was generally satisfied with Appellant's compliance. The court reiterated the conditions of Appellant's probation and added a special condition of no alcohol consumption.

In June 2014, a second review hearing occurred. At that time, Mr. Bowie informed the court (hereinafter, the revocation court) that Appellant was discharged from a sex offender treatment program at Mercy Hospital for failure to make progress. Prior to his discharge, Appellant failed two maintenance polygraph tests, and a third test's results were inconclusive. According to Mr. Bowie, Appellant failed to follow directions in completing the third polygraph test and attempted to manipulate the results. Mr. Bowie recommended probation revocation; the revocation court agreed and immediately imposed a sentence of three to six years' incarceration.

Appellant did not immediately challenge his sentence, nor did he thereafter file post-sentence motions. Nevertheless, Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The revocation court issued a responsive opinion.

Appellant raises three issues. First, he challenges the revocation court's reliance on the polygraph test results. Second, Appellant challenges

discretionary aspects of his sentence. Third, Appellant challenges the admissibility of the polygraph results. *See* Appellant's Brief at 4.

In his first issue, Appellant contends that the revocation court revoked Appellant's probation based primarily on the results of polygraph tests administered to Appellant in the course of his sex offender treatment program. According to Appellant, the court's reliance upon the results was inappropriate, citing in support *Commonwealth v. A.R.*, 80 A.3d 1180 (Pa. 2013).

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commownealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (quoting *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007)).

In our view, the record does not support Appellant's contention. Although the revocation court referenced the results of Appellant's three polygraph tests, it appears the court considered the results merely as background information, explaining Appellant's discharge from a treatment program. This is permissible. *See A.R.*, 80 A.3d at 1184 (permitting polygraph evidence in the limited context of revocation proceedings to explain why the appellant was dismissed from treatment). In addition, the court noted Appellant's contact with minors and possession and/or use of pornography, both further violations of the special conditions of Appellant's

probationary sentence. Accordingly, we discern no abuse of the revocation court's discretion.

In his second issue, Appellant challenges discretionary aspects of his sentence. However, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008). Here, Appellant failed to preserve his challenge. Accordingly, we deem it waived. ***Id.***[1]

Finally, Appellant raises an evidentiary challenge to the admissibility of the polygraph test results, suggesting that the Commonwealth failed to establish standards of scientific reliability set forth in ***Frye v. United States***, 293 F. 1013 (D.C. Cir. 1923). Appellant did not seek to preclude this evidence prior to this appeal. Accordingly, we deem this issue waived. ***See Commonwealth v. Einhorn***, 911 A.2d 960, 975 (Pa. Super. 2006) (finding waiver where the appellant never filed a motion *in limine* and did not request a ***Frye*** hearing); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

_____

[1] We note that Appellant's sentence is well beyond the aggravated range of the sentencing guidelines. ***But see Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006) ("[T]he [s]entencing [g]uidelines do not apply to sentences imposed following a revocation of probation.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/9/2015</u>