**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR MANUEL COLON, | |
| Appellant | No. 1826 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003138-2013

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED MAY 06, 2016**

Appellant, Victor Manuel Colon, appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant claims his sentence was too severe.  We affirm.

On July 1, 2014, Appellant entered an oral guilty plea to fleeing or eluding police, and received a sentence of ten months' probation.[1]  (**See** Sentencing Order, 7/01/14, at 1).  On December 24, 2014, while still under supervision, Appellant was arrested for possession with intent to deliver

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant also received a fine of $200 for the offense of driving without lights to avoid identification or arrest, and another $200 fine for driving without a license.  The Commonwealth withdrew the charges of failure to observe stop and yield signs (while he was attempting to flee from the police) and driving an unregistered vehicle.  (**See** Sentencing Order, 7/01/14, at 2).

(PWID), specifically, 1,199 bags of heroin, and sixty-two bags of cocaine, and other violations of probation. (***See*** N.T. Revocation, 9/16/15, at 3).

On September 16, 2015, the court revoked Appellant's probation and resentenced him to a term of not less than one nor more than two years of incarceration in a state correctional institution, consecutive to the sentence imposed at docket CP-22-CR-1070-2015 for the PWID offenses. (***See id.*** at 6).[2]

Appellant filed a post-sentence motion on September 25, 2015, challenging the sentence as "excessive, unreasonable," and "too severe a punishment in light of [Appellant's] rehabilitative needs, the gravity of the offense, and what is necessary to protect the public." ([Appellant's] Post-Sentence Motion, 9/25/15, at 1).[3]

Appellant claims the motion was denied by operation of law on October 16, 2015. (***See*** Appellant's Brief, at 6). The Commonwealth agrees. (***See***

_____

[2] On August 27, 2015, Appellant received a sentence of not less than eleven and one-half to not more than twenty-three months' incarceration on the PWID convictions.

[3] The stated date of the motion, August 25, 2015, nominally preceding the challenged sentence (on September 16, 2015) by twenty-two days, is clearly erroneous. We accept the clerk of court's time stamp date, September 25, 2015, as more accurate. Accordingly, we conclude the motion was timely filed, despite the typographical error.

Commonwealth's Brief, at 2). However, there is no apparent support for this assertion in the certified record.[4]

Instead, in an order dated October 2, 2015, (filed October 5, 2015), the sentencing court, at the express request of the Dauphin County Prison Records Department, aggregated the sentences at CP-22-CR-1070-2015 (PWID) with the sentence in the instant case, CP-22-CR-0003138-2013, to a combined sentence of not less than one year, eleven months and fifteen days', nor more than three years and eleven months' incarceration in a state correctional institution, with credit for time served. (*See* Order, 10/05/15, at 1). Otherwise, there is nothing in the certified record to indicate that the sentencing court did anything else in response to the post-sentence motion.[5]

Appellant filed a timely notice of appeal on October 16, 2015, and a court-ordered Rule 1925(b) Statement of Errors Complained of on Appeal on October 21, 2015. The trial court has not filed a Rule 1925(a) Opinion.

_____

[4] Appellant purported to file a post-sentence motion pursuant to Pa.R.Crim.P. 720. (*See* Defendant's' Post-Sentence Motion, 9/25/15, at 1). Nevertheless, on independent review, we conclude that the motion is more accurately, and appropriately, viewed as a motion to modify a sentence imposed after revocation of probation. *See* Pa.R.Crim.P. 708(E). "The filing of a motion to modify sentence will not toll the 30-day appeal period." *Id.*

[5] In any event, we observe that a Rule 720 post-sentence motion could not be denied by operation of law for 120 days. *See* Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.").

Appellant raises one question for our review:

Whether the trial court erred in denying Appellant's post-sentence motion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of Appellant's rehabilitative needs, the alleged gravity of the offense, and what is needed to protect the public?

(Appellant's Brief, at 5) (unnecessary capitalization and underlining omitted).

Appellant argues that he has "paid his docket off in full," (apparently alluding to the calendar expiration of the original ten-month period of probation), and notes that prior to this first offense, he had a prior record score of zero. (*Id.* at 13). He maintains that the denial of his post-sentence motion should be reversed. We disagree.

Our review is guided by the following principles:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

\* \* \*

When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

\* \* \*

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Also, **upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence**.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84, 1286-87 (Pa. Super. 2012), *affirmed per curiam*, 91 A.3d 102 (Pa. 2014), *cert. denied*, 135 S. Ct. 366 (2014) (citations, quotation marks, and footnote omitted) (emphasis added).

"The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008) (citation omitted).

A claim that a sentence is too severe challenges the discretionary aspects of the sentence. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an Appellant makes an argument pertaining to the discretionary aspects of the

sentence, this Court considers such an argument to be a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *See Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following: (1) [W]hether Appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence [ ]; (3) whether Appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *See id.*

Here, Appellant timely filed a motion to modify sentence and notice of appeal. He has included a Rule 2119(f) statement in his brief. We will

therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).  In his Rule 2119(f) statement, Appellant asserts that his sentence is too severe because he "paid his docket off in full".  (Appellant's Brief, at 9).  He further maintains that before the instant offense he had a prior record score of zero.  (*See id.*).

An assertion that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002).  Therefore, we will review Appellant's claim.

On review, however, we conclude that Appellant's issues are waived. Appellant repeats the same assertions from the Rule 2119(f) statement in the argument section of his brief.  (*See* Appellant's Brief, at 13).  However, he fails to develop an argument in support of these claims, except for the mere bald repetition, and he offers no legal authority in support of his repeated points.  (*See id.*).

Notably, Appellant fails to raise or develop any argument, beyond the bare recitation, that the resentence was too severe in light of his rehabilitative needs, (which are unspecified), the "alleged" gravity of the

offense, (which is never actually disputed), and what is needed to protect the public (which is never discussed at all). (*See id.* at 11-13). Accordingly, we conclude Appellant has waived his excessive sentence claim. *See* Pa.R.A.P. 2119(a), (b).

Moreover, it would not merit relief. There is no dispute that Appellant's conduct violated the terms and conditions of his probation. While on probation for a misdemeanor, Appellant committed two felonies.

Further, by the undisputed commission of two felonies, the evidence of record established that probation proved to be "an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Perreault*, *supra* at 558.

Following revocation of probation, the sentencing court was limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *See Simmons*, *supra* at 1286-87. Therefore, the fact that previously Appellant had a prior record score of zero, or that the term of probation would have expired in due course, are legally irrelevant to the claim of an excessive sentence.[6]

---

[6] In any event, Appellant was re-arrested on December 23, 2014, less than six months after he received the sentence of ten months' probation, on July 1, 2014. (*See* Notice of Alleged Violations of Probation, 12/24/14). He offers no authority in support of his claim that the less than six months served prior to his re-arrest "paid off" his ten month probationary sentence (or that his subsequent incarceration counted as a continuation of his

*(Footnote Continued Next Page)*

The trial court properly sentenced Appellant following the revocation of his probation. His sentence was not excessive.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

*(Footnote Continued)*

probationary status). Lacking support in the law or the facts, Appellant's claim is frivolous.