J-S59001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE HARRIS, | |
| Appellant | No. 1405 EDA 2015 |

Appeal from the Judgment of Sentence Entered April 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015528-2008

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 18, 2016**

Appellant, Wayne Harris, appeals from the judgment of sentence of 6 to 24 months' incarceration, followed by five years' probation, imposed after the revocation of his probation.  On appeal, Appellant argues that the trial court erred in determining that he violated his probation.  After careful review, we affirm.

The trial court set forth the facts and procedural history of this case as follows:

> On August 26, 2008, Appellant was arrested and charged with rape and several related offenses.  After a mistrial, Appellant entered into a negotiated guilty plea to charges of unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor.  Appellant was sentenced by the Honorable Roger Gordon to an aggregate term of two to four

---

[*] Former Justice specially assigned to the Superior Court.

years['] confinement, followed by eight years['] reporting probation. [Appellant] was designated a sexually violent predator (SVP). Jurisdiction over Appellant's probation was eventually assigned to this court.

At a revocation hearing on April 8, 2015, Dr. William Russell, director of forensic services at the TAP sex offender program[1] testified that Appellant was receiving weekly treatment, and after successfully passing a maintenance polygraph, was stepped down to a monthly program. During a required annual polygraph on December 30, 2014, Appellant failed the examination after significant reactions were recorded when Appellant responded to questions about recent contact with minors. When confronted with the polygraph results, Appellant admitted that he had accidentally seen his daughter nude. Appellant was placed into weekly group treatment, and began to deny his original offense. Because of the deception detected on the polygraph test and Appellant's denial of his original offense, Appellant was discharged from therapy at TAP on January 26, 2015. Based on the circumstances described, Dr. Russell opined that Appellant was at a high risk to reoffend. This court found that Appellant had violated the terms of his probation, revoked Appellant's probation and sentenced him to a period of 6 to 24 months['] incarceration, followed by five years['] of probation. Appellant filed his notice of appeal on May 5, 2015. On May 20, 2015[,] this court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (hereinafter "Statement"). Appellant filed his Statement on August 4, 2015[.[2]]

_____

[1] Dr. Russell testified that "TAP" is administered through an agency called "Assessment and Treatment Alternatives." **See** N.T. Revocation Hearing, 4/8/15, at 11.

[2] We note that Appellant filed his Rule 1925(b) statement well after the 21-day deadline imposed by the trial court on May 20, 2015. Given that the trial court accepted Appellant's untimely statement and wrote a responsive opinion pursuant to Rule 1925(a), we will address Appellant's issue raised on appeal despite Appellant's late filing. **See, e.g., Commonwealth v. Rodriguez**, 81 A.3d 103, 104 n.2 (Pa. Super. 2013) ("[T]he untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in wavier of the issues on appeal. If the trial court accepts an untimely Rule

*(Footnote Continued Next Page)*

Trial Court Opinion (TCO), 8/18/15, at 1-2 (internal citations omitted).

In his appeal, Appellant purports to raise a single issue for our review:

1. Did the [c]ourt err by finding that Appellant … failed to admit his original offense and was in technical violation of his probation?

Appellant's Brief at 3.

In reviewing Appellant's claim, we apply the following standard of review:

When we consider an appeal from a sentence imposed following the revocation of probation, [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

*Commonwealth v. Perreault*, 930 A.2d 553, 557 (Pa. Super. 2007)

(internal citations omitted).

_(Footnote Continued)_ _____

1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived.") (internal citation omitted); *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

Initially, we note that it is unclear upon reading Appellant's brief whether he is challenging the trial court's factual finding that he failed to admit to his original offense, as he purports, *or* is arguing that he did not violate the terms of his probation because he immediately enrolled in another treatment program and was committed to following the terms of his probation. The record shows that Appellant only preserved the former issue in his Rule 1925(b) statement and in his Pa.R.A.P. 2116(a) Statement of Questions Involved in his brief; thus, we conclude that the latter issue has been waived as a result.[3] **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions … are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

---

[3] In the Rule 1925(b) statement, Appellant alleged:

> The [c]ourt erred by finding that Appellant Wayne Harris failed to admit his original offense and was there for a technical violation of his probation. Appellant Wayne Harris testified that he was not in denial. He explained that he has difficulty reading and writing, and that he told Probation Officer [Michael] Gagliardi that he was in acceptance, and was told to sign the letter produced by Probation Officer Michael Gagliardi. Appellant Wayne Harris stated he was in acceptance of what he did and was not in denial.

Appellant's Rule 1925(b) Statement, 8/4/15, at 1.

Furthermore, despite being properly preserved, we also find that Appellant has waived his remaining issue, regarding the trial court's finding that he failed to admit his original offense, because of his undeveloped briefing. Appellant's brief predominantly consists of a recitation of facts, and includes almost no citation to pertinent legal authority, aside from setting forth our standard of review. This Court could identify no coherent argument or analysis therein. Pennsylvania Rule of Appellate Procedure 2119(a) sets forth that "[t]he argument … shall have … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). It is well established that "[w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *In re R.D.,* 44 A.3d 657, 674 (Pa. Super. 2012) (internal citations and quotations omitted). "We will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (internal citation omitted). Consequently, we find this issue is also waived.

Notwithstanding that Appellant failed to adequately develop his argument, we would nevertheless determine that the trial court did not abuse its discretion by finding that Appellant failed to admit his original

offense. We begin by noting that such a finding is supported by the record. Indeed, at the revocation hearing, Dr. Russell, director of forensic services at TAP, testified as follows:

[The Commonwealth:] Why was [Appellant] discharged? Like, what concerns did you have when you discharged [] [Appellant]?

[Dr. Russell:] The biggest concern was his denial of the original offense. It brings him back into a position of increased risk. He came up deceptive on the polygraph, indicating he had had contact with a minor.

He then, subsequent to that, admitted he had had contact with a minor. He not only admitted that he had had contact with a minor, but he had contact with the same type of victim as the original offense; that is a daughter. None of that was brought up in group treatment prior to this. He had not discussed in his group treatment having any contact with a victim, having seen anybody nude.

So what we're seeing is a lot of deception in his group treatment. You see deception in the polygraph. These are concerns for us, especially with an SVP of increased risk of reoffending. So based on that and the fact that he wouldn't admit to his original offense, we discharged him.

N.T. Revocation Hearing, at 19-20. Additionally, following the failed polygraph, Appellant's probation officer, Mr. Gagliardi, testified that he composed a letter, dictated by Appellant, for Appellant to transmit to TAP so that he could tell his "side of the events."[4] *Id.* at 45, 46. In that letter,

_____

[4] Mr. Gagliardi testified that Appellant has difficulty with reading and writing. *Id.* at 45. As a result, Mr. Gagliardi explained, "[Appellant] and I spent roughly three hours coming up with this letter … that he had written, with my help. He had told me his side of the events. I made notes. Read the notes back to him. We made corrections. Read it back to him. He made more corrections…." *Id.* at 42-43.

which was signed by Appellant when he was satisfied with it, Appellant similarly denied the original offense. *See id.* at 45, 51-55. Thus, there is sufficient evidence on the record showing that Appellant failed to admit his original offense, and we would not conclude that the trial court abused its discretion in making such a finding.

Moreover, contrary to Appellant's argument, the trial court did not base its decision to revoke Appellant's probation on his failure to admit his original offense to his probation officer. *See* Appellant's Brief at 11 ("Appellant … testified that he was not in denial. He explained that he has difficulty reading and writing, that he told Probation Officer Gagliardi that he was in acceptance, and was told to sign the letter produced by [his probation officer]."); Appellant's Rule 1925(b) Statement, *supra*. Instead, in its Rule 1925(a) opinion, the trial court explained:

> Appellant was required by the terms of his probation to participate in sex offender treatment. Appellant was unsuccessfully discharged from treatment at TAP based on his denial of his original offense. Therefore, the court properly found that Appellant had violated the terms of his probation. Appellant's claim that he admitted his offense to his probation officer does not address his conduct in treatment, which was the basis for his revocation.

TCO at 3. We would agree with the trial court's reasoning, especially absent more developed advocacy on behalf of Appellant. Both parties concede that Appellant was required to participate in sex offender treatment by the terms of his probation. *See* Appellant's Brief at 9; Commonwealth's Brief at 3. Ultimately, Appellant was "unsuccessfully discharged" from the treatment

program, which demonstrates that he failed to properly participate in his mandated treatment. Further, Dr. Russell's testimony indicated that the treatment had not been effective at deterring Appellant from future antisocial conduct.[5] **See Perreault**, 930 A.2d at 557. Accordingly, because the record shows that Appellant failed to adequately participate in the required treatment and has been unsuccessful at rehabilitation thus far, we would determine that the trial court did not err in revoking Appellant's probation.

Judgment of sentence affirmed.

---

[5] Dr. Russell testified, in relevant part:

> [The Commonwealth:] So Doctor, based on your experience and your expertise, do you consider [Appellant], Mr. Harris, to be a high risk to reoffend?
>
> [Dr. Russell:] Yes.
>
> [The Commonwealth:] Do you see him as a threat to the community, in terms of reoffending?
>
> [Dr. Russell:] He's a high risk to reoffend.

N.T. Revocation Hearing, at 20.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016