J-S27007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT MICHAEL KOCHIS | : | |
| | : | |
| Appellant | : | No. 855 WDA 2018 |

Appeal from the Judgment of Sentence May 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000262-2015

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.:                          FILED JUNE 11, 2019

Appellant, Scott Michael Kochis, appeals from the judgment of sentence entered on May 22, 2018, following the revocation of his probation.  Upon review, we affirm.

The trial court briefly set forth the facts and procedural history of this case as follows:

> On June 29, 2015, Appellant [] pled guilty to [] one count of indecent assault – person less than thirteen years of age.  [The trial] court sentenced Appellant to a five-year period of probation. On May 22, 2018, [the trial] court found Appellant to have violated the terms of his probation.  [The trial] court revoked probation and resentenced Appellant to thirteen to sixty months of incarceration.  Appellant filed a notice of appeal on June 12, 2018 and a concise statement of errors complained of [on appeal pursuant to Pa.R.A.P. 1925(b)] on June 27, 2018.  [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 24, 2018].

Trial Court Opinion, 9/24/2018, at 2 (superfluous capitalization omitted).

_____
*   Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant presents the following issues for our review:

1. Was the 13 [] to [] 60-month state prison sentence imposed on Appellant at his probation violation hearing manifestly excessive per se, given that (A) Appellant was a technical probation violator, not a convicted probation violator; (B) there was no showing he was likely to commit a crime while on probation unless he was imprisoned; and (C) there was no showing that an order of imprisonment was essential to vindicate the authority of the probation court?

2. Was the 13 [] to [] 60-month state prison sentence imposed on Appellant at his probation violation hearing manifestly excessive, even if imprisonment of some sort could be imposed, given that (A) he was a first[-]degree misdemeanor offender, thus making the 60 [] month maximum term of imprisonment was the most severe punishment that could be imposed upon him; (B) he was, as indicated, a technical probation violator, and had not had contact with law enforcement during his probation term; (C) he suffered from four mental health disorders (Attention Deficit – Hyperactivity Disorder, Anxiety Disorder, Bipolar Disorder, and Post-Traumatic Stress Disorder) that both interfered with his ability to comply fully with probation conditions and which constituted mitigating circumstances in their own right; and (D) he presented reasons explaining his (partial) non-compliance with the conditions of his probation, including difficulties with his medical insurance and his own drug addiction?

Appellant's Brief at 4-5 (superfluous capitalization omitted).

To summarize, Appellant "submits that [] he should not have been ordered imprisoned at all (thus making his confinement sentence manifestly excessive per se), and that, even if confinement was permissible and appropriate, the length of incarceration that he was ordered to serve constituted too severe a punishment for his transgressions." Id. at 35. We

will examine Appellant's two contentions in turn. First, Appellant contends that the trial court erred by revoking his probation without a requisite finding that Appellant violated 42 Pa.C.S.A. § 9771(c). Id. at 25, 38-43. More specifically, Appellant claims that because he did not commit another crime while on probation, the trial court was required to find that: (1) Appellant engaged in conduct that indicated that he was likely to commit another crime if not imprisoned, or (2) incarceration was essential to vindicate the authority of the court. Id. Appellant maintains that there was insufficient evidence to show either factor was established. Id.

We adhere to the following standards:

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

Commonwealth v. Perreault, 930 A.2d 553, 558 (Pa. Super. 2007) (citations omitted).

Pursuant to Section 9771(c), the trial court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)   the defendant has been convicted of another crime; or

(2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)     such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

We previously determined:

While a trial court has broad discretion in its initial sentencing, the length of a [violation of probation] sentence rests peculiarly within the discretion of the [] judge. Sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. Instead, a [violation of probation] sentencing court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. The rationale for this difference is that a convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release, thereby betrays the judge's trust. Further, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.

Commonwealth v. Presley, 193 A.3d 436, 445–446 (Pa. Super. 2018) (internal citations, quotations, and original brackets omitted).

Appellant challenges the trial court's decision to revoke his probation and impose a sentence of total confinement, arguing that the trial court did not determine that such a sentence was essential to vindicate the authority of the court or that his conduct indicated a likelihood that he would commit another crime. We disagree. Before revoking Appellant's probation and sentencing him to a term of confinement, the trial court stated:

[Appellant's] prior history, though, with the first sexual assault [was] quite poor. His attendance [at outpatient sexual offender treatment] at the [Mercy] Gatehouse [facility] was so poor that he was discharged. He was granted permission to reside with his parents in Fayette [County] and attend a dual-diagnosis program there. That's when [Appellant] apparently picked up [] new

- 4 -

[criminal] charges [in Fayette County]. He was given a second chance at Gatehouse [and] failed to take advantage of it.

[The trial court did not] see [Appellant], based on the history [] in [two] presentence [investigation] reports (PSIs), as being a good candidate for community supervision when the best we can do is put him back in the same situation[.] [...T]he best predictor of future behavior [is] past behavior. [The trial court did] not see him as availing himself of [provided] services [] in the community given his past history.

[Appellant], by report, had multiple inpatient treatment opportunities. He reports [for] treatment three times at White Deer Run, once at Salvation Army, four times at Western Psych, two times at the Gatehouse [as set forth] in the first PSI summary.

And then [Appellant] had [an] additional opportunity with the Gatehouse, which[,] in part[,] form[s] the basis for his violation here, failing to attend those. And, again, quickly after his release from the Fayette [County] sentence, back to using heroin and cocaine, failing to register [as a sex offender] and [the] prior indecent assault [were] concern[ing to the trial court], as well, as being part of [Appellant's] supervision history in the past.

\* \* \*

[The trial court could not] see any alternative [to] re-sentencing [Appellant] to a state sentence, with the hope that he will get started on both his [narcotic] addiction treatment as well as the sex offender treatment while he is detained.

\* \* \*

He does need treatment, which we have not been successful in getting for him in the community, and [so, the trial court] believe[d] that it would be appropriate for the [Commonwealth] to determine when his treatment needs have been met and when he becomes safe for another opportunity to be supervised in the community through [s]tate [p]arole.

N.T., 5/22/2018, at 10-13. As the foregoing statements show, the trial court

detailed Appellant's criminal history and poor progress with rehabilitation

efforts despite multiple opportunities for change as a past probationer, thereby demonstrating the concern that Appellant would commit another crime and the need to vindicate the court's authority. As the record supports the trial court's decision to revoke probation under Section 9771(c)(3), we discern no abuse of discretion or error of law and Appellant's first issue fails.

Next, Appellant argues that the trial court abused its discretion by failing to consider mitigation evidence when it imposed a "manifestly excessive and constitutionally cruel" sentence of 60 months of incarceration. Appellant's Brief at 32. He claims that such an extreme sentence is grossly disproportionate to the crimes. Id. at 34. Appellant further claims that the trial court failed to consider the following mitigating factors:

> [C]ircumstances existed which mitigated Appellant's violating acts and omissions. Appellant had stopped reporting to his probation officer, that was true; but he had been in contact with his probation officer for the first portion of his probationary term via his probation officer appearing at his (Appellant's) three-quarter house to speak with him while he was there, and during the entirety of his probation he lived whe[re] he had been instructed to live. Appellant had, concededly, failed to obtain a sex offender evaluation; but he had reason for this, as his health insurance was rejected when he appeared for an evaluation, and thus he had no means to pay for the evaluation. Appellant had, indeed, used illegal drugs while he was serving probation; but he suffered from drug addiction, and he had reported his relapse (which included an overdose) to his probation officer.
>
> This is a case, secondly, in which Appellant caused little difficulty to others. He was employed during his probation period, albeit "under the table," thereby helping to defray the costs of his residence. Not only had he not been convicted of a crime while on probation, he was not so much as charged with having committed any crimes while on probation, and indeed had not had any contact whatsoever with law enforcement during his probation

term.  He did not assault anyone, did not threaten anyone with injury, did not steal from any businesses or residences, did not cause property damage, and did not traffic in drugs.  While he had not obtained the sex offender evaluation he was to undergo (and therefore was not undergoing sex offender therapy at the time he was arrested), there was no indication that he had sexually assaulted any child while on probation.  Indeed, there is no indication that he had [] even spoken to a child, been in the presence of one, or even laid eyes on a child during the time that he was on probation.  Appellant stayed out of trouble during his probation term, lived where he was instructed to live, and tried to earn money to pay his rent via his own labor for the landlord.

[…F]urthermore, [] Appellant suffers from multiple [m]ental [h]ealth disorders.  [] Appellant was diagnosed with four serious mental health ailments – those being (1) [a]ttention [d]eficit [h]yperactivity [d]isorder, (2) [a]nxiety [d]isorder, (3) [b]ipolar [d]isorder, and (4) [p]ost-[t]raumatic [s]tress [d]isorder.  Each of those mental health disorders alone imposes a substantial burden on one's life.  Together the effects are considerable, and [made] Appellant's non-compliance with his probation sentence is understandable.

Id. at 44-47 (record citations and footnotes omitted).

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." Commonwealth v. Swope, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted).  Before this Court may address a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion following the revocation of his probation and sentencing. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). See Appellant's Brief at 24-28. We now must determine whether Appellant presents a substantial question that the sentence appealed is not appropriate under the Sentencing Code.

> We previously held:
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> *         *         *
>
> An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

*Swope*, 123 A.3d at 338 (internal citations, original brackets, footnotes, and some quotations omitted). This Court has held that "an excessive sentence

claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." Id. at 339, citing Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014); see also Commonwealth v. Caldwell, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc) (same) (citations omitted); see also Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement is imposed as a result of a technical violation of probation). Thus, we conclude that Appellant has raised a substantial question for our review.

Our Supreme Court previously determined:

a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation

of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." See also Pa.R.Crim.P. 708 (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the

> sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [] the trial judge had the benefit of a PSI during the initial sentencing proceedings.

Commonwealth v. Pasture, 107 A.3d 21, 27–28 (Pa. 2014) (case citations, footnotes, and some quotations omitted). Moreover, when "the sentencing court had the benefit of a [PSI] report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations[.]" Commonwealth v. Rhoades, 8 A.3d 912, 919 (Pa. Super. 2010) (internal citation and quotations omitted).

Initially, we note that the trial court had the benefit of two PSIs in this case, the original PSI used at the initial sentencing hearing and an updated PSI for the revocation and resentencing proceeding. See N.T., 5/22/2018, at 2. Appellant reviewed both reports and had no additions or corrections to either report. Id. Thus, we presume that the trial court was aware of the relevant information regarding Appellant's character when sentencing him following revocation. Moreover, the trial court was not required to conduct a proportionality review of the sentence imposed as compared to the crime committed. Instead, the trial court was permitted to impose any sentence that it could have imposed originally at the time of the probationary sentence, including the statutory maximum. Appellant concedes that he received the five-year statutory maximum sentence. Appellant's Brief at 26. Such

sentence was permissive. See Pasture. Additionally, Appellant explained the reasons he failed to comply with three of the terms of his probation. Id. at 6-9. As such, the trial court was aware of the mitigation evidence Appellant presented. However, the trial court determined that a term of incarceration was necessary because, as set forth above in detail, prior efforts at rehabilitation proved ineffective and Appellant was a danger to the community. The trial court concluded that Appellant was unable to procure or complete sex offender treatment on his own in the community and, therefore, a term of incarceration (where Appellant can receive sex offender and substance abuse treatment and additional rehabilitation) was warranted. See N.T., 5/22/2018, at 13 ("Appellant does need treatment, which we have not been successful in getting for him in the community, and [therefore,] it would be appropriate for the [Commonwealth] to determine when his treatment needs have been met and when he becomes safe for another opportunity to be supervised in the community through [s]tate [p]arole."). Here, the trial court had all of Appellant's relevant information available to it and stated its reasons on the record for the imposition of Appellant's sentence. Hence, based upon the foregoing, we discern no abuse of discretion in sentencing Appellant following the revocation of his probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/11/2019</u>