J-S30045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY BROWN, | : | |
| | : | |
| Appellant | : | No. 2314 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 9, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1012061-2005

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 07, 2019**

Gregory Brown ("Brown") appeals from the judgment of sentence entered following his third violation of probation, which was imposed upon his negotiated guilty plea to possession with intent to deliver a controlled substance ("PWID").[1] We reverse and remand for resentencing.

In its Opinion, the trial court summarized the history underlying the instant appeal as follows:

> On December 20, 2005, [Brown] appeared before [the trial court] and pled guilty to [PWID]. Per his negotiated sentence, [the court] sentenced [Brown] to 6 to 23 months [of] county incarceration[,] plus one year reporting probation, with immediate parole. [Brown] denied that he had a drug problem.
>
> Less than one month later, on January 14, 2006, [Brown] was arrested and charged with PWID, knowing and intentional possession of a controlled substance (K&I), recklessly endangering another person (REAP) and resisting arrest. On June

---

[1] 35 P.S. § 780-113(a)(30).

14, 2006, [Brown] appeared before [the trial court] and pled guilty to K&I and resisting arrest. [The trial court] sentenced him to 2 years of probation. On that same date, [Brown] appeared before [the trial court] for his first violation hearing. [The trial court] found him in direct violation, revoked his parole, and sentenced him to serve back time. On October 20, 2006, [Brown] was granted work release[,] and immediately absconded from supervision.

Nearly two years later, on August 20, 2008, [Brown] was apprehended by the warrant unit. On September 25, 2008, he was sentenced by [the trial court] to 6 to 23 months [of] county incarceration for violating his probation. [Brown] served his sentence in Passaic County Jail in New Jersey[,] as a result of overcrowded conditions in Philadelphia. [Brown] was scheduled to appear before [the trial court] for a violation hearing on September 25, 2008, October 12, 2008, and February 6, 2009[,] but on each occasion[,] he was not brought down from Passaic County. On February 14, 2009, [Brown] was released from custody. On that date, he was served with [N]otice to appear before [the trial court] on March 12, 2009. [Brown] failed to appear on that date and absconded from supervision. [The trial court] issued a judge-only bench warrant, and wanted cards were issued on April 13, 2009. [Brown] was apprehended by authorities on July 20, 2009.

On August 17, 2009, [Brown] appeared before [the trial court] for his second violation hearing. [The court] found him in technical violation for absconding from supervision, not paying fines and costs, failing to get a job, and not complying with any of [the] [c]ourt's orders. [The trial court] terminated [Brown's] parole, revoked his probation, and sentenced him to 3 to 6 years [of] state incarceration[,] plus 4 years [of] reporting probation. [Brown] was ordered to complete drug treatment, receive job training, and pay costs and fines at a rate of $25 per month.

On July 17, 2015, [Brown] was released to begin serving probation. On October 9, 2015, [Brown] was arrested and charged with vending prohibited and disorderly conduct. These charges were later withdrawn, and [the court] permitted [Brown's] probation to continue. At the time, [Brown] was being supervised by the State Parole Board and was residing at Self Help Recovery House.

[Brown] appeared before [the trial court] on March 4, 2016[,] for a status hearing[,] and [the court] allowed [Brown's] probation to continue. Thereafter, [Brown] absconded from supervision and failed to appear at his next status hearing on June 17, 2016. [Brown] was apprehended by authorities on July 21, 2016. On October 3, 2016, [Brown] appeared before [the trial court] for a violation hearing …. [The trial court] allowed [Brown's] probation to continue and ordered him to undergo a Forensic Intensive Recovery (FIR) evaluation. [Brown] reported to his probation officer on October 5, 2016[,] and stated that he used marijuana to control his lupus symptoms. He did not complete a[n] FIR evaluation due to an address verification issue involving his mother. [Brown] continued to report to his probation officer, testing positive for marijuana use at each visit, until April 6, 2017, after which he absconded from supervision. [Brown] was apprehended by authorities on June 14, 2018.

On July 9, 2018, [Brown] appeared before [the trial court] for his third violation hearing. First, [the court] reviewed [Brown's] history since his first appearance in 2005…. The Probation Officer recommended revocation and a term of incarceration.

Next, defense counsel admitted that [Brown] had spent most of the last 13 years absconding, but that he had a substance abuse problem and also suffered from lupus. She stated that she would normally recommend a state sentence of 1½ to 3 years, but instead recommended a county sentence so that [Brown] could treat his lupus locally.

The Commonwealth argued that based upon the probation summary report, [Brown] had not yet taken responsibility for his actions, and was taking advantage of the system. The Commonwealth stated that it would defer sentencing to the discretion of the court.

Trial Court Opinion, 12/4/18, at 1-4.

On July 9, 2018, after a hearing, the trial court found Brown in violation of his probation for absconding from supervision. *See id.* at 4. The trial court sentenced Brown to 1½ to 3 years in prison, with no subsequent probationary

term. The trial court specifically stated, on the record, that a prison term was necessary to vindicate the authority of the court. *See* N.T., 7/9/18, at 14 (wherein the trial court stated that a sentence of total confinement was "absolutely necessary to vindicate the authority of the [c]ourt."). Brown filed a post-sentence Motion, which the trial court denied. Thereafter, Brown filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Brown presents the following claims for our review:

1. Did not the sentencing court violate the requirements of 42 [Pa.C.S.A. §] 9771(c) … when, after revoking his probation, it sentenced [Brown] to a period of total confinement[,] where[] 1) he had not been convicted of[,] or charged with[,] a new crime, 2) the record did not demonstrate any likelihood that he would commit a new crime if not incarcerated, and 3) incarceration was not essential to vindicate the authority of the court?

2. Was not the [trial] court's imposition of a one and one-half (1½) to three (3) year sentence of incarceration[,] for technical violations of probation, manifestly excessive and an abuse of discretion[,] where the court failed to give individualized consideration to [Brown's] personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [Brown]?

3. Did not the trial court err and abuse its discretion by sentencing [] Brown to an excessive period of incarceration?

Brief for Appellant at 4.

Brown challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted).

Here, Brown timely filed his Notice of Appeal, and preserved his claims in a post-sentence Motion. Brown's appellate brief does not include a concise statement of the reasons he relies upon for allowance of appeal, with respect to the discretionary aspects of his sentence, as required by Pa.R.A.P. 2119(f). ***See*** Brief for Appellant at 8-10. However, because the Commonwealth does not object to this defect, we will proceed to address whether Brown has raised a substantial question. ***See Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that, if the Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f), the Superior Court may entertain the discretionary sentencing claim).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526,

533 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (internal citations omitted).

Brown first claims that the trial court's sentence is inconsistent with 42 Pa.C.S.A. § 9771(c), because the court imposed a sentence of total confinement, where he had not been charged with a new crime, was not likely to commit a new crime, and where total confinement was not necessary to vindicate the court's authority. *See* Brief for Appellant at 14. Brown's second and third claims challenge his sentence as manifestly excessive, because the trial court failed to give individualized consideration to his personal history, rehabilitative needs, and background, and provide an explanation as to how the sentence was the least stringent sentence adequate to protect the community. *Id.* at 20, 23.

Upon review, Brown's claims raise substantial questions that his sentence was inconsistent with a specific provision of the Sentencing Code. *See* 42 Pa.C.S.A. § 9771(c) (limiting a sentencing court's authority to impose a sentence of total confinement upon the violation of the conditions of probation), § 9721(b) (providing that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of

the offense, and the rehabilitative needs of the defendant). Accordingly, we will address Brown's challenges to the discretionary aspects of his sentence.

We will address the merits of Brown's claims together. Brown first claims that the trial court violated 42 Pa.C.S.A. § 9771(c) by sentencing him to a period of total confinement. Brief for Appellant at 14. Brown asserts that he is a 34-year-old father with lupus, and "suffers through cannabis addiction in an attempt to control his [l]upus pain symptoms." *Id.* Brown concedes that his "sporadic reporting and positive drug testing placed him in technical violation of his probation[.]" *Id.* However, Brown argues that his behavior was the result of his use of marijuana for medical purposes, and that he did not "turn himself in" because he feared dying in prison. *Id.* at 14-15. According to Brown, his violation of the conditions of his probation, alone, did not give the trial court the authority to imprison him. *Id.* at 15. Further, Brown argues that the record did not support the sentence imposed, as he was not charged with new crimes; there was no finding that he was likely to commit another crime; and, total confinement is not necessary to vindicate the authority of the trial court. *Id.* at 14, 15.

In his second claim, Brown argues that the trial court's sentence is manifestly excessive. *See id.* at 20. According to Brown, the trial court improperly failed to give individualized consideration to his personal history and rehabilitative needs. *See id.* Brown further argues that the trial court improperly failed to explain how this sentence is the least stringent sentence

necessary to protect the community and serve his rehabilitative needs. *See id.*

In his third claim, Brown argues that the trial court imposed an "excessive period of incarceration." *Id.* at 23. Brown argues that the trial court improperly focused upon his technical violations, rather than his background, rehabilitative needs and mitigating circumstances. *Id.* at 23. According to Brown, "[b]ecause the trial court made no reference to [Brown's] severe health problems and rehabilitative needs," the court violated the Sentencing Code and the fundamental norms underlying the sentencing process. *Id.*

The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-35 (explaining that notwithstanding prior decisions, which stated our scope of review in revocation proceedings is limited to the validity of the proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

Once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Our review of the record discloses that Brown had committed no additional crimes, and the record reflects no evidence that Brown is likely to commit another crime, if he is not imprisoned. Rather, the record reflects that Brown committed only technical violations of his probation. Further, the record reflects that Brown used marijuana to self-treat lupus. There is nothing of record disputing his assertion.

Given the length of Brown's probation to date, and the nature of Brown's technical violation, we conclude that the trial court abused its discretion in sentencing Brown to total confinement. Based upon our review of the record, a sentence of total confinement was not necessary to vindicate the trial court's authority. Consequently, we reverse the judgment of sentence and remand for resentencing consistent with this Memorandum.

Judgment of sentence reversed. Case remanded for resentencing consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/7/19</u>