J-S35002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES FANNINGS | |
| Appellant | No. 1064 EDA 2014 |

Appeal from the Judgment of Sentence March 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0806303-2006

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                           **FILED JULY 17, 2015**

Appellant, James Fannings, appeals from the March 7, 2014 judgment of sentence of three to six years' imprisonment, followed by five years' probation, imposed following the revocation of his probation.  After careful review, we affirm.

The trial court has summarized the relevant factual history of Appellant's underlying conviction as follows.

> On June 5, 2006, shortly before 4:00 PM, Complainants, Hugh Ruane and Corey Hand, were selling audio equipment at City and Belmont Avenues, Philadelphia, PA when they were approached by Appellant and two male co-conspirators who indicated an interest in making a

---

[*] Retired Senior Judge assigned to the Superior Court.

purchase of stereo speakers. One of the males, Jules Quick, stated that he did not have enough money to complete the purchase and asked Complainants to follow the three assailants to the 3000 block of Oakdale Street, Philadelphia, PA so he could get the rest of the money and the complainants agreed. Upon arrival Quick went to get the money and upon his return[] a few minutes later he stated that he had some of the money but that he still didn't have the full amount and that some other friends were en route with the balance. Shortly thereafter two other males arrived, displayed handguns, and announced a robbery. Appellant then began to unload Complainants' vehicle containing the merchandise and placed the audio equipment into Quick's vehicle. Quick fled with the merchandise in the vehicle and Appellant fled on foot to his residence[]. Complainants positively identified Appellant as one of the perpetrators of the robbery.

Trial Court Opinion, 10/10/14, at 2-3.

Further, the subsequent procedural history was accurately summarized by the trial court as follows.

On June 6, 2006[,] Appellant was arrested and charged with [r]obbery and [c]riminal [c]onspiracy[,] and on October 23, 2007 he pled guilty to those offenses. On December 20, 2007[,] Appellant was sentenced to concurrent terms of imprisonment of not less than eleven and one half (11 1/2) months nor more than twenty[-]three (23) months plus eight (8) years['] probation. On October 1, 2008[,] Appellant filed a [m]otion for [p]arole, *pro se*, and on October 22, 2008[,] the [trial c]ourt granted Appellant's [m]otion.

On March 27, 2013[,] Appellant was arrested for a violation of Section 6105 of the Uniform Firearms Act, [p]ossessing [i]nstruments of [c]rime, and [s]imple [a]ssault[,] and on September 6, 2013[,] he pled guilty to those offenses.

***Id.*** at 1-2 (citations omitted). At the same hearing, in accordance with ***Gagnon v. Scarpelli***, 411 U.S. 778, (1973), the trial court revoked Appellant's probation after conducting the following colloquy.

> [The trial court]: You understand that by pleading guilty to this, this will put you in direct violation of your open other sentencing case?
>
> [Appellant]: Yes, Your Honor.
>
> [The trial court]: Do you still wish to plead guilty?
>
> [Appellant]: Yes, Your Honor.

N.T., 9/6/13, at 8. Thereafter, on March 7, 2014, Appellant was sentenced to three to six years' incarceration, plus five years' probation on the revocation. That same day, Appellant was sentenced to an aggregate term of four to 10 years' imprisonment on the new charges, to run consecutively to the revocation sentence. On April 7, 2014, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises one issue for our review.

> Did the [trial] court err by failing to consider the record of the sentencing proceeding prior to revoking probation pursuant to 42 Pa.C.S.A. Section 9771(d)?

Appellant's Brief at 4.

---

[1] We note that the 30th day following the trial court's imposition of sentence fell on Sunday, April 6, 2014. However, Appellant's notice of appeal was timely filed. ***See*** 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation). Additionally, Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant argues that the trial court "erred in failing to consider the record of the sentencing proceeding together with the conduct of [Appellant] while on probation." *Id.* at 9. Appellant asserts the trial court instead only considered his probation record created by his former probation officer, and the new crime constituting the probation violation. *Id.* Accordingly, Appellant avers it was an error to revoke his probation as "there was absolutely no testimony or reference by the [trial] court as to the record of the sentencing proceeding prior to the Judge revoking Appellant's probation in violation of 42 Pa.C.S.A. Section 9771(d)." *Id.* at 9-10.

"The court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). Revocation of probation is in the sound discretion of the trial court and we will not disturb it in the absence of an error of law or an abuse of discretion. *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Id.* (citation omitted).

Instantly, Appellant claims the trial court violated Section 9771(d), which states as follows.

**§ 9771. Modification or revocation of order of probation**

**(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771(d).

Specifically, Appellant argues the trial court erred in failing to consider the record of the sentencing proceeding from 2007. However, a review of the record indicates Appellant did not preserve this issue by objecting to the revocation at the time of the hearing, by objecting at his re-sentencing, or by filing a motion for modification of sentence. ***See generally*** Pa.R.A.P. 302(a); Pa.R.Crim.P. 708(E). Accordingly, said issue is waived.

Based on the foregoing, we conclude Appellant's sole claim on appeal is waived. Therefore, we affirm the trial court's March 7, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015

- 5 -