J.S07036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIM ALAN COPENHAVER, | : | |
| | : | |
| Appellant | : | No. 706 MDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015
In the Court of Common Pleas of Lycoming County Criminal Division
at No(s): CP-41-CR-0001357-2009

BEFORE: BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED FEBRUARY 11, 2016**

Appellant, Tim Allen Copenhaver, appeals from the judgment of sentence entered in Lycoming County Court of Common Pleas following the trial court's revocation of his probation. He challenges the sufficiency of the evidence supporting the revocation. We affirm.

We glean the following facts from the trial court's opinion and the revocation hearing transcript. On March 24, 2010, Appellant pled guilty to five counts of sexual abuse of children (possession of child pornography). The trial court sentenced Appellant, in accordance with a plea agreement, to a term of two to five years of incarceration followed by ten years of probation on July 24, 2010. On December 15, 2014, Appellant was

---

[*] Former Justice specially assigned to the Superior Court.

transferred to the Clinton County Correctional Facility ("CCCF"). Thereafter, on December 30, 2014, the trial court, following an on the record colloquy, amended the conditions of Appellant's supervision to include the standard special conditions, supplemental special conditions, and optional special conditions for sex offenders issued by the Pennsylvania Board of Probation and Parole. In accordance with these conditions, Appellant was prohibited from possessing, viewing, or reading any sexually explicit materials. Trial Ct. Op., 9/18/15, at 2. On January 21, Appellant signed a written copy of these conditions. *Id.*

On January 26, 2015, an envelope, addressed to Appellant, was delivered to CCCF, containing a brochure from "Branlette's Beauties." *Id.* at 3. The brochure contained pictures of women wearing little to no clothing. *Id.* On the same day, Appellant also received mail from Freebird Publishers, which contained solicitations to buy "sexy" pictures of women. *Id.* Subsequently, on March 23, 2015, the trial court held a probation violation hearing. At the hearing, three witnesses testified. The first, Dawn Zimmerman, a corrections specialist at CCCF, testified that Appellant had admitted to her that he had sent for the materials but that his charges were "kiddie porn, not adult porn." *Id.*; N.T. Revocation Hr'g, 3/23/15, at 5. Also testifying at this hearing was Scott Metzger, the assistant chief of the Lycoming County Adult Probation Office. He confirmed that Appellant's

written conditions had been explained to him on January 21, 2015. N.T. Revocation Hr'g, at 10.

Appellant also testified at his probation revocation hearing. He asserted that he thought he was ordering non-nude materials. Further, he thought that the materials were only depicting adults. He explained that he ordered the materials in question sometime in January 2015, but could not remember exactly when. He admitted that he forgot about any conditions the court imposed on December 30, 2014. Trial Ct. Op. at 4; N.T. Revocation Hr'g, at 21.

The trial court found only portions of Appellant's testimony to be credible. The court determined that Appellant did expect to receive sexually explicit materials but had forgotten about the conditions imposed on December 30, 2014. Accordingly, the trial court found that Appellant violated the conditions of his probation and imposed an aggregate sentence of one to eight years of incarceration in a March 23, 2015 order.

The instant appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a Pa.R.A.P. 1925(a) opinion. Appellant raises a single issue, reproduced verbatim, for our review:

> Whether the lower court erred in finding that there was sufficient evidence that he violated his conditions of supervision, specifically, that he had attempted to receive or possess sexually explicit materials while incarcerated in violation of his special conditions?

Appellant's Brief at 4.

Appellant argues that the evidence was insufficient to support the revocation of his probation. Specifically, he contends that he was not aware that the materials he ordered were sexually explicit and that he was also not aware of the conditions of his probation prior to his procurement of the materials.

When considering an appeal from the revocation of probation, we note:

> [O]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and the court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

**_Commonwealth v. Perreault_**, 930 A.2d 553, 557-58 (Pa. Super. 2007) (citations and internal quotations omitted). Further, "[a] challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the

Commonwealth, as the verdict winner, is sufficient to support all elements of the offenses." *Id.* at 558 (citations omitted).

In this case, two Commonwealth witnesses testified, respectively, that Appellant admitted ordering the materials in question and that Appellant had the conditions of his probation explained to him. Further, Appellant acknowledged that he was aware of the conditions of his probation set forth on December 30, 2014, but "forgot" about them prior to ordering the adult sexual material. The court specifically noted that Appellant's contention that he did not know about the sexual nature of the materials was not credible. When viewed in the light most favorable to the Commonwealth, as the verdict winner, the foregoing evidence is sufficient to support the trial court's determination that Appellant violated the conditions of his probation by ordering sexually explicit materials. *See Id.* Accordingly, Appellant's sufficiency claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016