J-S16035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TURON MCGEE, | : | |
| | : | |
| Appellant | : | No. 1788 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 22, 2019
in the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0007483-2008

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 29, 2020**

Turon McGee ("McGee") appeals from the judgment of sentence entered

following his violation of the conditions of his probation ("VOP").  We affirm.

The trial court summarized the history underlying the instant case as

follows:

> On July 18, 2008, while local police investigated a possible
> wanted person, they encountered [McGee,] who fit the
> description[,] and were given a false name and date of birth.
> Further investigation revealed [McGee's] true identity[,] resulting
> in a charge of [f]alse [i]dentification to [l]aw [e]nforcement.[1]
>
> On January 7, 2009, [McGee] pled guilty to [f]alse
> [i]dentification to [l]aw [e]nforcement on docket CP-09-CR-
> 0007483-2008 [("Number 7483")].  [McGee] was sentenced to
> twelve (12) months' probation to run consecutive to another
> matter[,] where he [had] entered into a guilty plea with a
> negotiated sentence of five (5) to ten (10) years[,] on docket
> number CP-09-0008134-2008 [("Number 8134"),] for [charges
> related to his sexual assaults against a minor].  As a result of his

---

1 *See* 18 Pa.C.S.A. § 4914.

plea for [the sexual assault-related charges], [McGee] was informed that he was subject to the Megan's [L]aw requirements and lifetime reporting.

While on parole in 2015, [McGee] was incarcerated after violating the terms of the sex offender treatment [by] residing in the home of his girlfriend[,] who had minor children[,] without notifying his parole officer.

On September 17, 2018, during a hearing to address the Commonwealth's [M]otion to add a condition to [McGee's] probation [at Number 7483], [McGee's] counsel acknowledged [the trial court's] authority to amend the conditions of [McGee's] probation. [The trial court] stated that it was its intention during the original sentencing to have [McGee] subject to the sex offender supervision during his probation [on the charges at Number 7483]. Additionally, a representative of the Pennsylvania Board of Probation and Parole testified that it is standard practice to have all subsequent convictions supervised by a sex offender agent if there is a history of a sex offense crime. It was also considered that [McGee's] parole violations could have resulted in a [VOP as to the Number 8134]. For these reasons, the [trial court] granted the Commonwealth's [M]otion to add the conditions to [McGee's] pending probation sentence [at Number 7483]. Later, [the trial court] denied [McGee's] [M]otion for reconsideration[,] after [McGee] failed to appear for the hearing on November 1, 2018. [McGee filed no appeal of the trial court's Order granting the Commonwealth's Motion, and modifying the terms of his probation at Number 7483.] On May 1, 2019, [McGee] violated the terms of his probation [at Number 7483] by failing to report to his probation officer, failing to keep his curfew[,] not residing at his listed address[,] failing to attend the sex offender treatment program[,] visiting a prohibited address with minors present[,] and testing positive for cocaine. [McGee] admitted to all of the violations and, [following the revocation of his probation,] was sentenced to six (6) to twelve (12) months [of] incarceration. [McGee] filed a [M]otion for [R]econsideration. The [trial court] granted [McGee's] [M]otion and re-sentenced him to three (3) to twelve (12) months [of] incarceration[,] with credit for time served from March 6, 2019[,] and parole at the minimum [term]. [McGee] appealed.

Trial Court Opinion, 8/28/19, at 1-2 (citations and footnote omitted).

Thereafter, McGee timely filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

McGee presents the following claims for our review:

A. Whether the sentencing court improperly added a condition of sentence, specifically[,] sex offender treatment and supervision[,] prior to a finding on the record that a probation violation occurred[?]

B. Whether the sentencing court improperly added a condition of sentence when the Commonwealth's request to amend the sentence was untimely by more than nine years, and the trial court lacked jurisdiction to impose this condition of supervision[?]

C. Whether the trial court's amended sentence on [No. 7483] violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, because it unfairly discriminated against [McGee] by extending the reach of his supervision on [Number 8134] beyond the expiration of his maximum sentence[?] A similarly situated person who maxed out a prior sentence would not be subject to additional sex offender conditions.

D. Whether the sentencing court improperly imposed sex offender supervision in a manner that was contrary to the fundamental norms which underlie the sentencing process when the court declined to first establish the need for additional rehabilitation and the protection of the public, and the facts supporting the underlying charge were wholly unrelated to the conditions imposed[?]

Brief for Appellant at 5.

When considering an appeal from the revocation of probation,

our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a

- 3 -

probation sentence is a matter committed to the sound discretion of the trial court and the court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

*Commonwealth v. Perreault*, 930 A.2d 553, 557-58 (Pa. Super. 2007) (citations and internal quotations omitted).

Here, McGee does not challenge the validity of the probation revocation proceedings. Rather, McGee challenges the conditions placed on his probation, which were first imposed by the trial court's September 17, 2018, Order. However, before addressing these claims, we first must ascertain whether they were preserved for appellate review.

Our review of the record discloses that on September 17, 2018, the trial court conducted a hearing on the Commonwealth's Motion to impose additional conditions on McGee's sentence of probation. At that hearing, McGee, through counsel, recognized the trial court's authority to amend the conditions of his probation at any time. N.T., 9/17/18, at 25. McGee raised no constitutional or legal challenge to the additional conditions. Rather, McGee presented only an "equity" argument against the additional conditions. *Id.* McGee argued that additional conditions should not be imposed, as he had not been convicted of any additional sexual offenses against a child. *Id.* at 26. The trial court granted the Commonwealth's Motion, after which McGee

- 4 -

filed a Post-Sentence Motion. ***See*** Post-Sentence Motion, 9/26/18. In his Post-Sentence Motion, McGee's counsel averred that McGee had "timely requested that counsel file this [M]otion and provide him an opportunity to present further information to the sentencing court." ***Id.***, ¶8. McGee's Motion asserted no legal or constitutional challenge to the additional conditions placed on his probationary sentence. McGee did not appear at the hearing on his Post-Sentence Motion, and the Motion was denied. McGee filed no appeal of the trial court's September 17, 2018, Order.

At the May 1, 2019, VOP hearing, McGee conceded that he was present at the September 17, 2018, hearing. N.T., 5/1/19, at 6-7. McGee acknowledged his awareness of the additional conditions placed on his probation, and that those conditions remained in effect. ***Id.*** at 7-8. McGee further admitted to violating those conditions. ***Id.*** at 8, 10.

McGee was re-sentenced on May 1, 2019, after which McGee filed a post-sentence Motion. However, McGee's Motion did not challenge the additional conditions previously placed on his probationary sentence. At the hearing on McGee's Motion for reconsideration of his sentence, McGee asked only for a reduced sentence. N.T., 5/22/19, at 7-8. McGee did not orally challenge the conditions of his probation. ***See id.***

Thus, McGee first raised the four, above-listed claims in his Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be

raised for the first time on appeal." Pa.R.A.P. 302(a). Issues must be raised prior to trial, during trial, or in a timely-filed post-sentence motion to be preserved for appeal. ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1288-89 (Pa. Super. 2004) (*en banc*). "[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Id.*** at 1288 (citation omitted).

Because McGee failed to properly raise these claims before the trial court, following its September 17, 2018, Order, or even before the trial court at or following resentencing on May 22, 2019, we deem them to be waived. ***See*** Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal); ***see also Commonwealth v. Moran***, 104 A.3d 1136, 1144 n.8 (Pa. 2014) (applying Pa.R.A.P. 302(a) and declining to address a constitutional challenge, where the appellant had failed to raise the issue before the trial court); ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (recognizing that an appellant challenging the discretionary aspects of his sentence[2] must first invoke this Court's jurisdiction by satisfying a four-part test, which includes demonstrating that the issue was properly preserved at sentencing or in a post-sentence motion).

---

[2] A challenge to the conditions of probation implicates the discretionary aspects of sentencing. ***Commonwealth v. Fenton***, 750 A.2d 863, 867 n.4 (Pa. Super. 2000).

Even if McGee had properly preserved his claims, we would conclude that they lack merit, for the reasons stated in the well-reasoned Opinion of the trial court. *See* Trial Court Opinion, 8/28/19, at 3-5.

Judgment of sentence affirmed.

Judge Dubow concurs in the result.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/20