J-S04037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD J. COOK | : | |
| | : | |
| Appellant | : | No. 911 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000788-2016

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MAY 21, 2024**

Reginald J. Cook ("Cook") appeals from the judgment of sentence imposed following the revocation of his probation.  After careful review, we affirm on the basis set forth in the trial court's succinct and comprehensive opinion.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On August 2, 2016, [Cook] entered into a negotiated guilty plea . . . to one . . . count of firearms not to be carried without a license.  [18 Pa.C.S.A. § 6106(a)(2).]  That same date, as part of the plea agreement, the [trial] court imposed a sentence of time served to twenty-three . . . months of imprisonment and two . . . years of probation consecutive to the expiration of parole.  On four . . . occasions between August 2016 and May 2021, [Cook] violated his parole after being released, resulting in the court recommitting him . . . .
>
> On February 24, 2023, the Montgomery County Adult Probation and Parole Department (the "Montgomery County Probation Department") served [Cook] with his fifth notice of

violation [which is the current violation on appeal]. This notice alleged, *inter alia*, that [Cook] had failed to report to the Montgomery County Probation . . . Department on August 8, 2022[,] and absconded from supervision on or about August 30, 2022. On March 17, 2023, the court held a ***Gagnon II***[1] . . ..

Trial Court Opinion, 6/16/23, at 1-2 (footnotes omitted and one footnote added).

The trial court also summarized the evidence presented at the ***Gagnon II*** hearing:

. . . Rule Number 1 of the Rules, Regulations and Special Conditions of Supervision[,] which [Cook] signed on April 22, 2022[,] provides, "I will report regularly in person, by mail, or online . . . as determined by my officer. The responsibility to report falls upon me, the offender." Rule Number 3 provides, "My officer will make supervision visits in my home. I will provide access to the dwelling in which I reside. Prior to changing my residence, I must have the permission of my officer. . . ."

Montgomery County Adult Probation Officer Kelsey Rauscher ("PO Rauscher") testified [to the following. I]n the Summer of 2022, [Cook] was in the process of transferring his supervision to Philadelphia. [While awaiting transfer, Cook] was directed to send mail-in forms to the Montgomery County Probation Department every month.

On July 12, 2022, the Montgomery County Probation Department received a mail-in form from [Cook,] in which he wrote on every line "Stop asking me, you should know, call me and ask me." PO Rauscher also stated that [Cook] sent a "chunk" of his hair attached to the form "to make a statement that he was annoyed he needed to fill out [the] forms."

On July 21, 2022, the Montgomery County Probation Department was unable to connect with [Cook *via*] telephone and sent a letter [instructing him] to physically report on August 8th at 9 a.m. [T]he purpose of this meeting was to address the lack

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

of information contained in [Cook's] most recent mail-in form and the hair which was included[.]

On August 8, 2022, [Cook] failed to appear for his . . . appointment. On August 9th, the Philadelphia Adult Probation and Parole Department (the "Philadelphia Probation Department") returned [Cook's] matter back to Montgomery County due to a [harassment] complaint . . . filed against [Cook] by a former girlfriend[.] At that time, [Cook] had not yet met with the Philadelphia Probation Department and they had not accepted transfer of [Cook's] matter. PO Rauscher testified that if the Montgomery County Probation Department was transferring a case to another county and the other county had not yet met with the probationer, then [the probationer] would have a responsibility to make contact with the Montgomery County Probation Department. PO Rauscher further indicated that upon the "return" of [Cook's] supervision to Montgomery County, Probation Officer Rachel Wyszynski ("PO Wyszynski"), who [was Cook's] previous probation officer, continued to serve in that role and [Cook] would have been aware of this arrangement.

On August 24, 2022, the Montgomery County Probation Department sent a letter to [Cook] instructing him to physically report to the Norristown office on September 1, 2022 at 9 a.m. On August 30[th, a probation officer informed Cook by telephone] that a letter was sent to his home address which instructed him to physically report on September 1[st. Cook] indicated he was working that day and the appointment was rescheduled to September 15th at 12:30 p.m. [Cook] was instructed to bring "address verification, suboxone script and pay stubs" to the meeting.

\*　　\*　　\*

On September 9, 2022, the Montgomery County Probation Department issued a bench warrant for [Cook's] arrest. On September 13th at 9:27 a.m. [and 2:09 p.m.], PO Wyszynski attempted to contact [Cook] by telephone to inform him not to physically report to the Norristown Office, and instead to surrender himself to the Montgomery County Correctional Facility ("MCCF"). [Cook's] telephone, however, was "off and not taking voicemails." . . .

On November 17, 2022, [Cook] called the office about his "detainer" stating that he tried to call but hadn't received a call. The [employee] informed [Cook] that PO Wyszynski had tried to call him, but his phone was off. [Cook] informed this individual that he obtained a new phone number. On November 22[nd, Cook] called the office to ask why there was a warrant out for his arrest. The [employee] responded that [Cook] had been in contact with PO Wyszynski "multiple times to understand why he has an active arrest warrant and that he needed to turn himself in to MCCF to resolve it." [Cook] further stated that the Probation Department "[was] wasting his time" and that he "won't be turning himself in and he has a life." The Montgomery County Probation Department employee on the call stated that [Cook's] warrant would remain active until he turned himself in, and [Cook hung] up. ***The court found the testimony of PO Rascher to be credible.***

[Cook] eventually was taken [into] custody at MCCF and served with a notice of violation alleging, *inter alia*, that [he] had failed to report to the Montgomery County Probation Department on August 8, 2022 (violation of Rule #1) and absconded from supervision on or about August 30th (violation of Rule #3).

[Cook] provided testimony that he was not aware of who his probation officer was upon the "return" of his matter to Montgomery County and this created an administrative breakdown. [Cook] asserted that he made calls to the Montgomery County Probation Department which went unanswered and any alleged non-compliance with the probation rules was not willful. ***The court did not find [Cook's] testimony credible.***

Trial Court Opinion, 6/16/23, at 3-6 (record citations and footnotes omitted and emphases and paragraph breaks added).

The trial court found Cook violated his probation, revoked his probation, and immediately imposed a new sentence of five to ten months of

imprisonment. Cook filed a timely post-sentence motion and a timely notice of appeal.[2] Both Cook and the trial court have complied with Rule 1925.

Cook raises the following issue for our review:

> Was the evidence insufficient to sustain [Cook's] violations of probation for failing to report on August 8, 2022 and absconding on August 30, 2022 when the evidence adduced at the March 17, 2023 *Gagnon* [*II*] hearing established that [Cook] was still in the process of being transferred to Philadelphia Probation on August 8, 2022, and on August 30, 2022 [Cook] had been informed via phone that his appointment with the probation department had been rescheduled to September 15, 2022 and [Cook's] subsequent failure to report on that date was due to him being in custody on a new case?

Cook's Brief at 4.

Cook argues that the Commonwealth did not present sufficient evidence at the *Gagnon II* hearing to prove his probation violations. A challenge to the sufficiency of the evidence presents

> a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007). The credibility of witnesses and the weight to be accorded the evidence are matters solely within the province of the factfinder, who is free to believe all,

---

[2] Cook filed the notice of appeal before the trial court had the opportunity to rule upon the post-sentence motion. As such, the trial court no longer had jurisdiction to issue a ruling with respect to the post-sentence motion.

some, or none of the evidence presented. *See Commonwealth v. Cappellini*, 690 A.2d 1220, 1224 (Pa. Super. 1997). The Commonwealth establishes a probation violation meriting revocation at a *Gagnon II* hearing when it shows, by a preponderance of the evidence, that: (1) the probationer's conduct violated the terms and conditions of his probation; and (2) probation has proven an ineffective rehabilitation tool incapable of deterring the probationer from future antisocial conduct. *See Commonwealth v. Sims*, 770 A.2d 346, 350 (Pa. Super. 2001).

Instantly, Cook argues that the trial court erred because there was insufficient evidence to prove that he violated his probation. He disputes that the evidence shows that he willfully violated probation. He further argues that the evidence does not establish that he deliberately ignored multiple requests to appear in person at the Montgomery County Probation Department.

The trial court considered Cook's issue and found that it lacked merit. As the trial court explained:

> Viewing this evidence in a light most favorable to the Commonwealth plainly supports a finding by a preponderance of the evidence that [Cook] violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [Cook] from future antisocial conduct. [Cook's] testimony demonstrated [he] was aware of his probation conditions, and how to satisfy these conditions. Despite this knowledge, [Cook] chose either to ignore or flout these conditions by abrasive methods, including the use of inappropriate correspondence with the Montgomery County Probation Department [and sending them chunks of his hair. Cook] failed to report as directed to the Montgomery County Probation Department on August 8, 2022, and his lack of contact through August 30, 2022 constituted an act of absconding from

supervision. The [trial] court was free to believe none of [Cook's] testimony in which he attempted to explain his violations. Therefore, the evidence was sufficient to support the [trial] court's finding that [Cook] had violated his probation. . . .

Trial Court Opinion, 6/16/23, at 6-7 (footnote omitted).

After our independent review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Wendy G. Rothstein, we find that the trial court's ruling is supported by the record and free of legal error. We note that Cook's arguments essentially ask this Court to re-weigh the evidence and reach a different conclusion than the trial court. We emphasize that it is not our role to overturn the credibility and factual findings of the trial court where they are supported by competent evidence. *See Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006) (stating that as a reviewing court, we may not re-weigh the evidence, substitute our judgment for that of the factfinder, or usurp the factfinder's prerogative to make credibility determinations and accept all, part, or none of the evidence). Therefore, the trial court did not abuse its discretion or err in finding that Cook violated the conditions of his probation. Accordingly, we affirm on the basis of the trial court's opinion, which we adopt in its entirety as dispositive of Cook's appeal. *See* Trial Court Opinion, 6/16/23, at 1-7.

In the event of further proceedings, the parties shall attach a copy of the trial court's June 16, 2023 opinion to all future copies of this memorandum.

Judgment of sentence affirmed.

- 7 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/21/2024</u>

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA      :

              :          Common Pleas Court No.:

      v.                    :          CP-46-CR-0000788-2016

              :

              :          Superior Court No.:

REGINALD J. COOK            :          911 EDA 2023

---

## O P I N I O N

**ROTHSTEIN, J.**                                            **June 16, 2023**

Appellant, Reginald J. Cook, ("Defendant") appeals his judgment of sentence imposed on March 17, 2023, following a *Gagnon II*[1] hearing in which the court found Defendant in violation of the conditions of his probation. For the reasons that follow, the judgment of sentence is proper and should be affirmed.

### FACTS AND PROCEDURAL HISTORY

On August 2, 2016, Defendant entered into a negotiated guilty plea in which he pled guilty to one (1) count of firearms not to be carried without a license.[2] That same date, as part of the plea agreement, the court imposed a sentence of time served to twenty-three (23) months of imprisonment and two (2) years of probation consecutive to the expiration of parole. On four (4) occasions between August 2016 and May 2021, Defendant violated his parole after being released, resulting in the court recommitting him in December 2016, September 2017, January 2020 and May 2021.[3]

On February 24, 2023, the Montgomery County Adult Probation and Parole Department (the "Montgomery County Probation Department") served Defendant with his fifth notice of violation. This

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[2] 18 Pa.C.S.A. § 6106(a)(2).

[3] On May 10, 2021, the court revoked Defendant's parole and probation and sentenced Defendant to serve the balance of his imprisonment term of eighteen (18) months, effective from November 27, 2020. Defendant was eligible for re-parole after serving nine (9) months. The court also imposed a sentence of one (1) year of probation to run consecutive to the expiration of parole. Consequently, Defendant's parole expired on May 27, 2022, but his probation was effective until May 27, 2023.

notice alleged, *inter alia*, that Defendant had failed to report to the Montgomery County Probation and Department on August 8, 2022 and absconded from supervision on or about August 30, 2022.[4] On March 17, 2023, the court held a *Gagnon II* hearing and found Defendant in violation of the conditions of his probation and revoked Defendant's probation. On that same date, the court imposed a new sentence of five (5) to ten (10) months of imprisonment. On March 23, 2023, Defendant filed a timely post-sentence motion.

On April 5, 2023, Defendant filed a timely notice of appeal.[5] On April 6, 2023, the court issued an Order directing Defendant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On April 25, 2023, Defendant filed a Petition for Extension of Time to File a Concise Statement. On April 26, 2023, the court granted the petition and directed that the Concise Statement should be filed no later than May 26, 2023. On May 24, 2023, Defendant filed a timely Concise Statement. In his Concise Statement, Defendant raises the following issue:

> WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN DEFENDANT'S VIOLATIONS OF PROBATION FOR FAILING TO REPORT ON AUGUST 8, 2022 AND ABSCONDING ON AUGUST 30, 2022 WHEN THE EVIDENCE ADDUCED AT THE MARCH 17, 2023 GAGNON HEARING ESTABLISHED THAT DEFENDANT WAS STILL IN THE PROCESS OF BEING TRANSFERRED TO PHILADELPHIA PROBATION ON AUGUST 8, 2022 AND ON AUGUST 30, 2022 DEFENDANT HAD BEEN INFORMED VIA PHONE THAT HIS APPOINTMENT WITH THE PROBATION DEPARTMENT HAD BEEN RESCHEDULED TO SEPTEMBER 15, 2022 AND DEFENDANT'S SUBSEQUENT FAILURE TO REPORT ON THAT DATE WAS DUE HIM BEING IN CUSTODY ON A NEW CASE?

(Defendant's Concise Statement).

---

[4] The notice also contained allegations that Defendant had been arrested, but the Commonwealth only proceeded on these two (2) alleged violations at the *Gagnon II* hearing.

[5] Defendant filed this notice of appeal before the court had the opportunity to rule upon the post-sentence motion. In light of this filing, the court no longer had jurisdiction to issue a ruling with respect to the post-sentence motion.

2

## DISCUSSION

Defendant alleges the evidence presented at the *Gagnon II* hearing was insufficient to prove his probation violations. Defendant contends he made numerous efforts to set up a meeting with an individual whom he believed to be his assigned probation officer in Montgomery County, but administrative breakdowns prevented this from occurring. Defendant insists his failure to report to his probation officer was not willful and was attributable to circumstances beyond his control.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa.Super. 2007) *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008) (internal citation omitted). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Id.* (internal citation omitted).

The standard of review when evaluating a challenge to the sufficiency of the evidence in a probation violation hearing is "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses." *Id.* (internal citation and quotation marks omitted). "The credibility of witnesses and the weight to be accorded the evidence are matters solely within the province of the factfinder. As the factfinder, the trial court [is] free to believe all, some, or none of the evidence presented." *Commonwealth v. Cappellini*, 690 A.2d 1220, 1224 (Pa.Super. 1997). "A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court." *Perreault, supra* at 558.

Instantly, Rule Number 1 of the Rules, Regulations and Special Conditions of Supervision which Defendant signed on April 22, 2022 provides, "I will report regularly in person, by mail, or online (MonitorConnect) as determined by my officer. The responsibility to report falls upon me, the offender."

3

(N.T. Gagnon II Hearing, 3/17/23, at 12, Commonwealth Exhibit 1). Rule Number 3 provides, "My officer will make supervision visits in my home. I will provide access to the dwelling in which I reside. Prior to changing my residence, I must have the permission of my officer. Firearms and/or lethal weapons are prohibited in my residence and/or on my property." (*Id.*).[6]

Montgomery County Adult Probation Officer Kelsey Rauscher ("PO Rauscher") testified that in the Summer of 2022, Defendant was in the process of transferring his supervision to Philadelphia. (*Id.* at 18). PO Rauscher indicated that while Defendant was waiting for Philadelphia to accept his transfer, he was directed to send mail-in forms to the Montgomery County Probation Department every month. (*Id.*). On July 12, 2022, the Montgomery County Probation Department received a mail-in form from Defendant in which he wrote on every line "Stop asking me, you should know, call me and ask me." (*Id.* at 17-18, Commonwealth Exhibit 3). PO Rauscher also stated that Defendant sent a "chunk" of his hair attached to the form "to make a statement that he was annoyed he needed to fill out [the] forms." (*Id.* at 18). On July 21, 2022, the Montgomery County Probation Department was unable to connect with Defendant via telephone and sent a letter with instructions for Defendant to physically report on August 8, 2022 at 9 a.m. (*Id.* at 19). An entry in the internal Montgomery County Probation Department system indicated that the purpose of this meeting was to address the lack of information contained in Defendant's most recent mail-in form and the hair which was included with the form. (*Id.*).

On August 8, 2022, Defendant failed to appear for his 9 a.m. appointment. (*Id.* at 20). On August 9, 2022, the Philadelphia Adult Probation and Parole Department (the "Philadelphia Probation Department") returned Defendant's matter back to Montgomery County due to a complaint which had been filed against Defendant on August 8, 2022, by a former girlfriend alleging harassment. (*Id.* at 20, 24-25). At that time, Defendant had not yet met with the Philadelphia Probation Department and they had not

---

[6] The court noted that with respect to his May 10, 2021 sentence and every previous recommitment, the disposition sheets each indicated that Defendant was to comply with any special conditions of probation or parole and the rules and regulations of the Montgomery County Probation Department. *See id.* at 42, Judicial Exhibits J-1 through J-5). Thus, Defendant was advised of specific conditions of his probation and parole as mandated under *Commonwealth v. Koger*, 255 A.3dd 1285 (Pa.Super. 2021).

4

accepted transfer of Defendant's matter. (*Id.* at 20, 24). PO Rauscher testified that if the Montgomery County Probation Department was transferring a case to another county and the other county had not yet met with the probationer, then that individual would have a responsibility to make contact with the Montgomery County Probation Department. (*Id.* at 20). PO Rauscher further indicated that upon the "return" of Defendant's supervision to Montgomery County, Probation Officer Rachel Wyszynski ("PO Wyszynski"), who had served as Defendant's previous probation officer, continued to serve in that role and Defendant would have been aware of this arrangement. (*Id.* at 25-26). On August 24, 2022, the Montgomery County Probation Department sent a letter to Defendant instructing him to physically report to the Norristown office on September 1, 2022[7] at 9 a.m. (*Id.* at 20-21). On August 30, 2022, Defendant had a phone conversation with a probation officer in which the officer informed Defendant that a letter was sent to his home address which instructed him to physically report on September 1, 2022. (*Id.* at 21). Defendant indicated he was working that day and the appointment was rescheduled to September 15, 2022 at 12:30 p.m. (*Id.*). Defendant was instructed to bring "address verification, suboxone script and pay stubs" to the meeting. (*Id.*). On September 6, 2022, PO Wyszynski emailed Kathy Subbio, Montgomery County Chief Probation Officer ("Probation Chief Subbio") regarding the developments in this matter and asked if a bench warrant could be issued. (*Id.* at 26, Commonwealth Exhibit 3). Probation Chief Subbio approved the issuance of a bench warrant in her response to PO Wyszynski's email. (*Id.*).

On September 9, 2022, the Montgomery County Probation Department issued a bench warrant for Defendant's arrest. (*Id.* at 21-22). On September 13, 2022 at 9:27 a.m., PO Wyszynski attempted to contact Defendant by telephone to inform him not to physically report to the Norristown Office, and instead to surrender himself to the Montgomery County Correctional Facility ("MCCF"). (*Id.* at 22). Defendant's telephone, however, was "off and not taking voicemails." (*Id.*). Later that day, at 2:09 p.m., PO Wyszynski again attempted to call Defendant, but noted that his phone was "off and not taking voicemails." (*Id.*). On

---

[7] The transcript appears to contain a typographical error stating Defendant was instructed to physically report on September 9, 2022. The portion of Exhibit C-3 which Ms. Raucher was referring to at this time, however, contained the date of September 1, 2022.

November 17, 2022, Defendant called the office about his "detainer" stating that he tried to call but hadn't received a call. (*Id.*). The individual who answered the phone informed Defendant that PO Wyszynski had tried to call him, but his phone was off. (*Id.*). Defendant subsequently informed this individual that he obtained a new phone number. (*Id.*). On November 22, 2022, Defendant called the office to ask why there was a warrant out for his arrest. (*Id.* at 22-23). The individual who answered this call responded that Defendant had been in contact with PO Wyszynski "multiple times to understand why he has an active arrest warrant and that he needed to turn himself in to MCCF to resolve it." (*Id.* at 23). Defendant further stated that the Probation Department "were wasting his time" and that he "won't be turning himself in and he has a life." (*Id.*). The Montgomery County Probation Department employee on the call stated that Defendant's warrant would remain active until he turned himself in, and Defendant proceeded to hang up. (*Id.*). The court found the testimony of PO Rascher to be credible.

Defendant eventually was taken in to custody at MCCF and served with a notice of violation alleging, *inter alia*, that Defendant had failed to report to the Montgomery County Probation Department on August 8, 2022 (violation of Rule #1) and absconded from supervision on or about August 30, 2022 (violation of Rule #3). (*Id.* at 15-16, Exhibit C-2).

Defendant provided testimony that he was not aware of who his probation officer was upon the "return" of his matter to Montgomery County and this created an administrative breakdown. (*See generally Id* at 29-39). Defendant asserted that he made calls to the Montgomery County Probation Department which went unanswered and any alleged non-compliance with the probation rules was not willful. (*Id.*). The court did not find Defendant's testimony credible.

Viewing this evidence in a light most favorable to the Commonwealth plainly supports a finding by a preponderance of the evidence that Defendant violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring Defendant from future antisocial conduct. *See Perreault, supra*. The testimony demonstrated Defendant was aware of his probation conditions, and how to satisfy these conditions. Despite this knowledge, Defendant chose either

6

to ignore or flout these conditions by abrasive methods, including the use of inappropriate correspondence with the Montgomery County Probation Department. Defendant failed to report as directed to the Montgomery County Probation Department on August 8, 2022, and his lack of contact through August 30, 2022 constituted an act of absconding from supervision. The court was free to believe none of Defendant's testimony in which he attempted to explain his violations. *See Cappellini, supra.* Therefore, the evidence was sufficient to support the court's finding that Defendant had violated his probation. Accordingly, Defendant's issue merits no relief.

## CONCLUSION

For the reasons set forth above, the judgment of sentence is proper and should be affirmed.

**BY THE COURT:**

_____
**WENDY G. ROTHSTEIN,        J.**

Copies of the above Opinion sent on June 16, 2023:
**By E-Mail To:**
    Robert Falin, Esquire/Emily Phou (District Attorney's Office)
    James Berardinelli, Esquire (Public Defender's Office)
**By First Class Mail To:**
    Reginald J. Cook (Defendant) (MCCF #16-00081)
        60 Eagleville Road, Eagleville, PA 19403

_____
Judicial Assistant

7