J-S27037-21

J-S27038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA LUWANA STEWART | : | |
| | : | |
| Appellant | : | No. 55 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 3, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000180-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA LUWANA STEWART | : | |
| | : | |
| Appellant | : | No. 56 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001923-2019

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:              **FILED: OCTOBER 12, 2021**

Appellant, Amanda Luwana Stewart, appeals from judgments of sentence of the Court of Common Pleas of Mercer County (the trial court) following the revocation of her parole and probation in two criminal

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-S27037-21
J-S27038-21

proceedings, CP-43-CR-0000180-2018 (CR-180-2018) and CP-43-CR-0001923-2019 (CR-1923-2019). For the reasons set forth below, we affirm the revocation of Appellant's parole in CR-180-2018 and the judgment of sentence in CR-1923-2019, but vacate the revocation of probation and the sentence imposed on Appellant following the revocation of probation in CR-180-2018.

In CR-180-2018, Appellant entered a guilty plea on November 13, 2018 to the offense of driving under the influence - highest rate of alcohol[1] and was sentenced on December 12, 2018 to 90 days to 1 year of incarceration, followed by 4 years' probation. CR-180-2018 Guilty Plea Order, 11/13/18; CR-180-2018 N.T., 12/12/18, at 16, 20-21; CR-180-2018 Sentencing Order, 12/12/18, at 1-2. The trial court imposed as conditions of Appellant's probation that Appellant not possess or consume alcohol or illegal drugs, that Appellant undergo random drug and alcohol tests, and that Appellant was prohibited from being present on the premises of any establishment that serves alcoholic beverages, except as a repair or delivery person or as an owner or employee. CR-180-2018 N.T., 12/12/18, at 23-24; CR-180-2018 Sentencing Order, 12/12/18, at 3-4.

---

[1] 75 Pa.C.S. § 3802(c).

In CR-1923-2019, Appellant pled guilty on September 26, 2019 to possession of drug paraphernalia[2] and was sentenced to one year of probation. Following her conviction in CR-1923-2019, the trial court, on October 24, 2019, found Appellant in violation of her probation and parole in CR-180-2018, but found that her time in detention and denial of street time constituted a sufficient sanction and did not revoke her parole or probation. CR-180-2018 N.T., 10/24/19, at 9-10; CR-180-2018 Trial Court Order, 10/24/19.

On June 10, 2020, after Appellant completed her incarceration sentence in CR-180-2018 and was on probation in that case, the trial court ordered Appellant detained for violation of her probation in both cases. CR-180-2018 Trial Court Order, 6/10/20; CR-1923-2019 Trial Court Order, 6/10/20; N.T., 7/9/20, at 21-22. On July 9, 2020, at a joint *Gagnon II*[3] hearing, the trial court found Appellant had committed technical violations of her probation in both cases. N.T., 7/9/20, at 18; CR-180-2018 Probation Revocation Order, 7/9/20; CR-1923-2019 Trial Court Order, 7/9/20. In CR-180-2018, the trial court revoked Appellant's probation and resentenced her to 30 days to 6 months' incarceration, followed by 3 years' probation and ordered that Appellant's probation was subject to the conditions of her original probation. N.T., 7/9/20, at 18-23; CR-180-2018 Sentencing Order, 7/9/20. In CR-1923-

_____

[2] 35 P.S. § 780-113(a)(32).

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

2019, the trial court found that Appellant's incarceration on the detainer was sufficient punishment and imposed no further sanction, leaving Appellant's probation in that case in place. N.T., 7/9/20, at 18; CR-1923-2019 Trial Court Order, 7/9/20.

On September 24, 2020, Appellant was paroled from her incarceration sentence in CR-180-2018. CR-180-2018 Trial Court Order, 9/24/20. In its order granting parole, the trial court imposed as a condition of parole that Appellant not consume or possess any alcohol or any controlled substance and that she not be present in any premises that serves alcohol except as an employee or in a serving area for food separate from the area for serving alcohol. *Id.* On September 25, 2020, Appellant was arrested for violating the conditions of her parole in CR-180-2018 and her probation in both cases by consuming alcohol at a bar on the night of September 24, 2020. On October 15, 2020, the trial court held a *Gagnon I* hearing in both cases at which a parole and probation agent testified that when she checked on Appellant on September 25, 2020, Appellant's breath smelled of alcohol, that a breathalyzer test was positive, and that Appellant admitted that the previous night she went into a bar to see a friend and drank alcohol at a friend's house. N.T., 10/15/20, at 7-11. The trial court found that the Commonwealth met its initial burden of showing probable cause to establish a parole violation in CR-180-2018 and a probation violation in both cases. *Id.* at 14-16.

On November 12, 2020, the trial court held a ***Gagnon II*** hearing in both cases. At this start of this hearing, Appellant's counsel in CR-180-2018 indicated that Appellant was willing to admit that she consumed alcohol in violation of the conditions of her parole and probation and the trial court, with counsel's permission, questioned Appellant on whether she admitted that she had consumed alcohol on September 24 or September 25, 2020. N.T., 11/12/20, at 4, 6-9. Appellant initially admitted that she consumed alcohol on September 24 or September 25, 2020, but later in the questioning stated that she did not admit consuming alcohol, and the trial court proceeded to hear testimony on the parole and probation violations. ***Id.*** at 6-10. A parole and probation agent testified that he went with another agent to check on Appellant on September 25, 2020, that Appellant's breath at that time smelled of alcohol, that a breathalyzer test was administered and was positive, and that Appellant admitted to him that she drank alcohol the previous night. ***Id.*** at 12-15.

Following this testimony, the trial court found that Appellant drank alcohol in violation of the conditions of her probation and revoked her probation in both cases. N.T., 11/12/20, at 17-19; CR-180-2018 Trial Court Order, 11/12/20; CR-1923-2019 Trial Court Order, 12/2/20. Based on the evidence at the November 12, 2020 ***Gagnon II*** hearing, the trial court on December 2, 2020 also issued an order revoking Appellant's parole in CR-180-2018 and recommitting her to serve the balance of her 30-day-to-6 month

incarceration sentence in CR-180-2018. N.T., 12/2/20, at 4; CR-180-2018 Trial Court Amended Order, 12/2/20.

On December 2, 2020, the trial court held a sentencing hearing with respect to the probation revocations. In CR-180-2018, the trial court resentenced Appellant to 15 months to 3 years' imprisonment, consecutive to all other sentences. N.T., 12/2/20, at 37-38; CR-180-2018 Trial Court Sentencing Order, 12/2/20. In CR-1923-2019, the trial court resentenced Appellant to 2 to 4 months' imprisonment, consecutive to all other sentences. N.T., 12/2/20, at 38; CR-1923-2019 Trial Court Sentencing Order, 12/2/20. Appellant filed timely appeals in both cases.

In this Court, Appellant challenges the validity of the trial court's revocation of her parole in CR-180-2018 and its revocation of her probation in both cases and raises the following two issues:

> 1. Did the trial court err in revoking Stewart's parole and probation where the relevant parole- and probation-revocation petitions alleged that she consumed alcohol and the evidence as actually credited and discredited by the revocation court was insufficient to support a finding that she did so, including because it required reliance on inherently ambiguous testimony, unreasonable inferences, and speculation, and was equally consistent with her having done so as not?

> 2. Did the trial court err in revoking Stewart's parole [*sic*] at CP-43-CR-1923-2019 on the ground that she consumed alcohol where not consuming alcohol was not a specific condition of her probation?

Appellants' Brief at 5. We conclude that the first of these issues is without merit and that the second issue is waived. However, because it is clear from

- 6 -

the record that the revocation of probation in CR-180-2018 was without statutory authority and that the sentence imposed for that revocation of probation was an illegal sentence under **Commonwealth v. Simmons**, ___ A.3d ___, 2021 PA Super 166 (filed August 18, 2021) (*en banc*), we vacate Appellant's judgment of sentence in CR-180-2018.

Both of the issues raised by Appellant are claims that the evidence was insufficient to permit the trial court to find that she violated her parole or probation. The standard that this Court applies in reviewing such claims is clear. This Court determines whether the evidence admitted at the revocation hearing and reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, are sufficient to support a finding by a preponderance of the evidence that the defendant violated a condition of her parole or probation. **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa. Super. 2014); **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007). This Court, in making this determination, may not substitute its judgment for the credibility judgment of the trial court. **Colon**, 102 A.3d at 1041; **Perreault**, 930 A.2d at 558.

Appellant contends in her first issue that the evidence was insufficient to show that she consumed alcohol because a letter referenced by the trial court in revoking her probation was not admitted in evidence, her statements at the hearing concerning consumption of alcohol were contradictory and unsworn, and the other evidence was insufficient to prove she had consumed

alcohol. We do not agree that the evidence was insufficient to prove that she consumed alcohol.

In addition to Appellant's letter and her statements at the **Gagnon II** hearing, the Commonwealth introduced testimony of a parole and probation agent that on September 25, 2020, Appellant smelled of alcohol and admitted to him that she drank alcohol the night before. N.T., 11/12/20, at 12-14. The trial court found that testimony credible and made it clear that it would have found that Appellant consumed alcohol based on this testimony alone, without considering Appellant's letter and statements at the hearing. N.T., 11/12/20, at 17-18; N.T., 12/2/20, at 16; Trial Court Opinion at 7.[4] The testimony of the agent that Appellant admitted to him that she drank alcohol is sufficient by itself to support the trial court's finding that Appellant consumed alcohol. **Perreault**, 930 A.2d at 558 (evidence sufficient to support revocation of probation for violation of condition that defendant not possess or view materials that depict sexual conduct where two witnesses testified that defendant admitted to them that he watched X-rated movies). Appellant is therefore entitled to no relief on her first issue.

In her second issue, Appellant contends that even if the evidence that she consumed alcohol was sufficient, there was no evidence that she violated

---

[4] The trial court did not base its findings that Appellant violated her parole and probation on the agent's testimony that a breathalyzer test was positive. N.T., 11/12/20, at 17.

a condition of her probation in CR-1923-2019 because, unlike the parole and probation orders in CR-180-2018, the order of probation in CR-1923-2019 did not contain any condition prohibiting her from possessing or consuming alcohol. The Commonwealth argues that this issue is waived because Appellant did not include it in her Pa.R.A.P. 1925(b) statement. We agree that this issue is waived.

The trial court ordered Appellant to file a concise statement of the errors complained of on appeal in both cases. CR-180-2018 Trial Court Order, 1/5/21; CR-1923-2019 Trial Court Order, 1/5/21. Where a trial court orders the filing of such a statement, Rule 1925 of the Rules of Appellate Procedure requires that the appellant "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925 further provides that "[i]ssues not included in the Statement … are waived." Pa.R.A.P. 1925(b)(4)(vii). "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted).

Appellant's Rule 1925(b) statements, which were identical in both cases and bore both captions, asserted only the following single claim of error with respect to the revocations of probation:

> This Honorable Court erred in revoking Stewart's parole and probation where the relevant parole- and probation-revocation report alleged she consumed alcohol at a Sharon bar on September 24, 2020, and the evidence introduced at an ensuing *Gagnon-II* hearing as credited and discredited by this Honorable Court in its role as factfinder was insufficient to support a finding that she did so, both under ordinary sufficiency constructs and because such evidence was insolubly ambiguous, inherently contradictory, and/or required this Honorable Court as factfinder to engage in unreasonable inferences, speculation, and/or conjecture to determine that she did so, and/or where such evidence was equally consistent with her having not consumed alcohol as it was with her having done so, thus violating her federal and state constitutional rights to due process of law. *Accord In re: J.B.*, 189 A.3d 390 (Pa. 2018).

Concise Statement of Errors Complained of on Appeal at 1.[5]  This raises only a claim that the evidence was insufficient to show that Appellant consumed alcohol and does not assert or encompass any claim that the evidence of the conditions of Appellant's probation was insufficient or that the probation order in CR-1923-2019 did not prohibit possession or consumption of alcohol. Because Appellant failed to raise her second issue in her 1925(b) statement, it is waived and cannot constitute a ground for reversal of the judgment of sentence in CR-1923-2019.  Pa.R.A.P. 1925(b)(4)(vii); **Garland**, 63 A.3d at 342, 344.

---

[5] Appellant's 1925(b) statement listed four other claims of error, but those related only to the sentences that the trial court imposed and the trial court's denial of Appellant's request for a transcript.  None of these other four issues asserted any claim of insufficiency of the evidence or error in the revocation of Appellant's probation in either case.

- 10 -

The fact that the two issues raised by Appellant merit no relief, however, does not end our review because it is clear from the face of the record that the sentence of 15 months to 3 years' imprisonment imposed by the trial court in CR-180-2018 is an illegal sentence. The issue of whether a sentence is illegal is not subject to waiver and may be raised by this Court, even if the appellant has not raised that issue. **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889 (Pa. Super. 2019); **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013). "The legality of a criminal sentence is non-waivable, and this Court may 'raise and review an illegal sentence *sua sponte*.'" **Pi Delta Psi, Inc.**, 211 A.3d at 889 (quoting **Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010)). A sentence imposed for an invalid revocation of probation is an illegal sentence. **Simmons**, ___ A.3d at ___, slip op. at *3-*4 & n.3.

A court may revoke a defendant's probation only upon proof that the defendant violated a condition of her probation. 42 Pa.C.S. § 9771(b); **Commonwealth v. Foster**, 214 A.3d 1240, 1243, 1250-51 (Pa. 2019); **Simmons**, ___ A.3d at ___, slip op. at *10-*11. When a trial court orders that a sentence of probation is to run consecutive to a term of imprisonment, the defendant's conduct while she is still on parole from the imprisonment sentence cannot constitute a violation of probation because the probation conditions cannot take effect until the imprisonment sentence has been fully served. **Simmons**, ___ A.3d at ___, slip op. at *19-*23, *27-*28.

Here, the record shows that Appellant's probation sentence in CR-180-2018 was consecutive to a sentence of imprisonment and that she was not serving the probation sentence at the time that she committed the conduct on which the revocation of probation in CR-180-2018 was based. The sentence that the trial court imposed on Appellant on July 9, 2020 was a sentence of "not less than 30 days nor more than 6 months in the Mercer County Jail, **followed by 3 years of probation**." N.T., 7/9/20, at 20 (emphasis added); CR-180-2018 Sentencing Order, 7/9/20 (emphasis added). Appellant was paroled from her imprisonment sentence on September 24, 2020, but she was still serving that sentence until January 9, 2021. N.T., 12/2/20, at 4. The alcohol consumption on September 24, 2020 or September 25, 2020 that the trial court found violated Appellant's probation thus occurred before her prison sentence ended and when she was not yet on probation in CR-180-2018. Therefore, while the trial court properly revoked Appellant's parole in CR-180-2018 and recommitted her serve the remainder of her imprisonment sentence, there could be no violation of a condition of Appellant's probation in CR-180-2018 and the revocation of probation and sentence of 15 months to 3 years' imprisonment in that case must be vacated. **_Simmons_**, ___ A.3d at ___, slip op. at *19-*23, *27-*30.[6]

---

[6] We recognize that the trial court's revocation of Appellant's probation in CR-180-2018 was in accordance with this Court's precedents at that time and that
*(Footnote Continued Next Page)*

Because Appellant is entitled to no relief on the two issues that she has raised, we affirm the judgment of sentence in CR-1923-2019 and affirm the revocation of her parole in CR-180-2018. However, because the trial court lacked authority to revoke Appellant's probation in CR-180-2018, its sentence of 15 months to 3 years' imprisonment in CR-180-2018 is an illegal sentence. Accordingly, we vacate Appellant's judgment of sentence in CR-180-2018 and remand that case with instructions to reinstate the July 9, 2020 probation sentence.

Judgment of sentence in CP-43-CR-0000180-2018 vacated. Case remanded with instructions to reinstate the July 9, 2020 probation sentence. Judgment of sentence in CP-43-CR-0001923-2019 affirmed. Jurisdiction relinquished.

Judge Olson joins this memorandum.

Judge Nichols concurs in the result.

---

our *en banc* decision in **Simmons** overruling those precedents was not handed down until this case was on appeal. New judicial decisions that change the law, however, are applicable to cases on direct appeal. **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018).

J-S27037-21

J-S27038-21

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/12/2021